**Electronically Filed**
**Supreme Court**
**SCPW-20-0000509**
**19-AUG-2020**
**06:04 PM**

SCPW-20-0000509

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

IN THE MATTER OF INDIVIDUALS IN CUSTODY
OF THE STATE OF HAWAIʻI

---

ORIGINAL PROCEEDING

<u>INTERIM ORDER</u>
(By: Recktenwald, C.J., Nakayama, McKenna, and Wilson, JJ.,
and Chief Judge Ginoza, assigned by reason of vacancy)

On August 12, 2020, the Office of the Public Defender ("OPD") filed a petition for extraordinary writ pursuant to HRS §§ 602-4, 602-5(5), and 602-5(6) and/or a writ of mandamus ("Petition"). The Petition seeks, among other things, a reduction of the inmate populations at the State's correctional centers and facilities in an effort to mitigate the harm that the COVID-19 pandemic may inflict upon the inmates, the correctional staff, and the people of Hawaiʻi. In this regard, the Petition seeks the expedited release of certain categories of inmates from the State's correctional centers and facilities, without filing and hearing of individualized motions for release.

In response to the petition, answers were filed by: (1) Nolan P. Espinda, Director of the Department of Public Safety, State of Hawaiʻi ("DPS") and Edmund (Fred) K.B. Hyun,

chairperson of the Hawaiʻi Paroling Authority; (2) Mitchell D. Roth, Prosecuting Attorney for the County of Hawaiʻi; (3) Donald S. Guzman, Prosecuting Attorney for the County of Maui; (4) Dwight D. Nadamoto, Prosecuting Attorney for the City and County of Honolulu; and (5) Justin F. Kollar, Prosecuting Attorney for the County of Kauaʻi. The answers addressed the OPD's requested relief, stated objections and concerns, and provided alternative considerations.

The COVID-19 pandemic has caused a public health emergency. Since July 2020, Hawaiʻi has seen a surge in COVID-19 cases, with record numbers of positive cases and increased hospitalizations being reported daily. While the majority of the cases are on Oʻahu, the neighbor island numbers have increased in recent days. In addition, since the Petition was filed, it has been reported that more than two hundred inmates and over forty staff members have tested positive for COVID-19. While the majority of cases are related to the Oʻahu Community Correctional Center ("OCCC"), there have been positive COVID-19 test results in some of the other State correctional centers and facilities.

This court recognizes the impact of COVID-19 on Hawaiʻi's community correctional centers and facilities. This court also recognizes, however, the significant public safety concerns regarding the release of inmates into the community. While there is an urgent and immediate concern to respond to the impact of this crisis in our community correctional centers and facilities, such response requires a careful consideration of interests, both for public health and public safety.

At this time, additional information is necessary to assist the court and the parties in addressing the public health and safety concerns raised by the surge of COVID-19 cases in the

2

State, including at the correctional centers and facilities, and the Petition's request for relief.

Accordingly, upon consideration of the submissions and record in SCPW-20-0000509, and the current state of COVID-19 positive test results in our community and the State's correctional centers and facilities, and pursuant to this court's authority under Hawaiʻi Revised Statutes ("HRS") §§ 602-5(3) & (6) and 706-625, Governor David Y. Ige's Emergency Proclamations, and HRS § 601-1.5,

IT IS HEREBY ORDERED that:

1. No later than 12:00 p.m. on Saturday, August 22, 2020, DPS shall provide to the OPD, the county prosecutors, and the Administrative Director of the Courts a list of all inmates at its correctional centers and facilities (excluding OCCC) who meet the following criteria, as applicable:

> a. Inmates serving a sentence (not to exceed 18 months) as a condition of felony deferral or probation except for (i) inmates serving a term of imprisonment for a sexual assault conviction or an attempted sexual assault conviction; or (ii) inmates serving a term of imprisonment for any felony offense contained in HRS chapter 707, burglary in the first or second degree (HRS §§ 708-810, 708-811), robbery in the first or second degree (HRS §§ 708-840, 708-841), abuse of family or household members (HRS § 709-906(7)&(8)), or unauthorized entry in a dwelling in the first degree or in the second degree as a class C felony (HRS §§ 708-812.55, 708-812.6(1) & (2)), including

attempt to commit these specific offenses (HRS §§ 705-500, 705-501).

b. Inmates serving sentences solely for misdemeanor or petty misdemeanor convictions except those convicted of abuse of family or household members (HRS § 709-906), violation of a temporary restraining order (HRS § 586-4), violation of an order for protection (HRS § 586-11), violation of a restraining order or injunction (HRS § 604-10.5), or any other crime in family court;

c. All pretrial detainees charged with a petty misdemeanor or a misdemeanor offense, except those charged with abuse of family or household members (HRS § 709-906), violation of a temporary restraining order (HRS § 586-4), violation of an order for protection (HRS § 586-11), or violation of a restraining order or injunction (HRS § 604-10.5); and

d. All pretrial detainees charged with a felony, and those inmates who have pled guilty or no-contest and are awaiting sentencing, except those charged with a sexual assault or an attempted sexual assault, any felony offense contained in HRS chapter 707, burglary in the first or second degree (HRS §§ 708-810, 708-811), robbery in the first or second degree (HRS §§ 708-840, 708-841), abuse of family or household members (HRS § 709-906(7)&(8)), or unauthorized entry in a dwelling in the

4

first degree or in the second degree as a class C felony (HRS §§ 708-812.55, 708-812.6(1) & (2)), including attempt to commit these specific offenses (HRS §§ 705-500, 705-501).

    e.   Inmates charged with a felony and awaiting adjudication of motions for revocation or modification of probation or motions to set aside or modify deferral, except for (i) inmates serving a term of imprisonment for a sexual assault conviction or an attempted sexual assault conviction; or (ii) inmates serving a term of imprisonment for any felony offense contained in HRS chapter 707, burglary in the first or second degree (HRS §§ 708-810, 708-811), robbery in the first or second degree (HRS §§ 708-840, 708-841), abuse of family or household members (HRS § 709-906(7)&(8)), or unauthorized entry in a dwelling in the first degree or in the second degree as a class C felony (HRS §§ 708-812.55, 708-812.6(1) & (2)), including attempt to commit these specific offenses (HRS §§ 705-500, 705-501).

   2.   To the extent possible, the list shall include the following information:

    a.   The inmate's name;

    b.   All criminal case numbers for which the inmate is held;

    c.   The inmate's status (e.g., pretrial felon, sentenced felon probationer, pretrial misdemeanant, petty misdemeanant, etc.); and

d.  The name(s) of the trial or sentencing judge(s), if available.

3.  This court reserves its authority to order other measures.

4.  This order does not affect any of the orders issued in this proceeding.  This order also does not affect DPS's authority under the law to release inmates on its own accord.

DATED: Honolulu, Hawaiʻi, August 19, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna



/s/ Michael D. Wilson

/s/ Lisa M. Ginoza

6